EDWARD G. W. HALL *vs.* DANIEL McCANN.

*When a Court of Equity will not interfere to restrain Payment of Money audited under a Decree.*

The appellant petitioned the Court below to restrain the payment of a vendor's lien audited to the appellee under a decree and after the audit had been finally ratified, upon the ground that the lien was assigned by the appellant to the appellee as collateral security, and that the debt intended thereby to be secured had been fully paid to the appellee. It appeared, that the appellant and the appellee had both testified in the cause in which this petition was filed, that the appellant had no interest in the vendor's lien assigned to the appellee. To this petition the appellee pleaded *res adjudicata* and the Statute of Limitations. HELD:

That the appellant had failed to make out a case such as would justify a Court of Equity, in interfering with the payment of money to which the appellee was entitled under the decree.

APPEAL from the Circuit Court for St. Mary's County, in Equity.

The consolidated cases of William Cornell and John Johnson against Daniel McCann, and others, William H. Dunkinson against Daniel McCann and others, and Daniel McCann against William Cornell and John Johnson, and others, will be found reported in 48 *Md.*, 592–605.

After the affirmance by this Court of the order of the Circuit Court for St. Mary's County, in Equity, finally ratifying the auditor's account stated under the instructions of the Court, distributing the net proceeds of sale of the real estate decreed to be sold, and awarding to the appellee, Daniel McCann, and his assignee, Aaron Fenton, the sum of $17,164.63, as appears in the above mentioned report ; the appellant, who was a party to the cause, filed a petition in the Court below, claiming to be entitled to the whole of said sum of $17,164.63, and praying

for the passage of a restraining order, prohibiting the trustees, Messrs. Harris, Briscoe and Blackistone from paying the money to McCann and calling for an account. His petition stated as the ground of his application, that the claim really belonged to him, but had been assigned in 1869 to the appellee, as collateral security for certain obligations incurred by him on account of the petitioner, which in the meantime had been wholly settled. Upon this petition an order was passed dated the 5th June, 1878, prohibiting the trustees from paying over the money to McCann till the further order of the Court.

To the petition the appellee pleaded as ground of defence:

1st. That the petitioner by his answer and testimony in the cause, had estopped himself from claiming any interest in the vendor's lien in question.

2nd. That the subject-matter of the petition was embraced in, and covered by the order of final ratification, which was conclusively binding as *res adjudicata* upon the petitioner; and 3rd. The Statute of Limitations.

After argument upon the petition and pleas, the Court below, (MAGRUDER, J.,) sustained the sufficiency of the first and second defences; and on the 10th September, 1878, filed an order vacating and rescinding the restraining order of the 5th June preceding, and dismissing the petition with costs. From this order the petitioner appealed.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*T. W. Blackistone* and *J. S. Lemon*, for the appellant.

When a former judgment or decree is pleaded by way of estoppel, it must appear that the matter alleged to have been adjudicated was *directly*, and not incidentally or collaterally in issue, and must appear to have been passed upon by the Court. *Cooper vs. Utterback*, 37 *Md.*, 312,

313; 1 *Greenleaf on Evidence, section* 528; *Woodgate vs. Fleet*, 44 *N. Y.*, 1; *Russell vs. Place*, 4 *Otto*, 606.

But neither the judgment of a concurrent nor exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment. *Duchess of Kingston's Case*, 2 *Smith's Leading Cases*, 627–8; *Cooper vs. Utterback*, 37 *Md.*, 313; *Cromwell vs. County of Sac*, 4 *Otto*, 351.

Even when it appears from extrinsic evidence that the matter was properly within the issue controverted in the former suit, yet if it be not shown that the verdict and judgment *necessarily involved* its consideration and determination, it will not be concluded. *Packet Co. vs. Sickles*, 5 *Wall.*, 592; 24 *How.*, 333; *McLaughlin vs. Barnum*, 31 *Md.*, 447.

A judgment is conclusive upon the parties thereto, only in respect to the grounds covered by it, and the law and facts necessary to uphold it; and although a decree *in express terms*, purports to affirm a particular fact or rule of law, yet, if such fact or rule of law was immaterial to the issue, and the controversy *did not turn upon it*, the decree will not conclude the parties in reference thereto. *Bigelow on Estoppel*, 22, 32, 95.

So far from any issue having been "directly" raised or adjudicated in these proceedings between Hall and McCann, as to the character of the assignment, it is submitted that none such was involved, even in the most "incidental" or "collateral" way.

But it is also urged that Hall has estopped himself from claiming any interest in the proceeds of this lien, by his testimony in the cause. So far from this being the case, the appellant contends that even if this testimony, which only refers to the assignment in the cross-examination, could be set up by way of estoppel in McCann's favor,

there is nothing in it inconsistent with his present position. On the contrary if it is admissible at all, he relies upon it, in connection with McCann's own statements, to show the propriety of permitting him to take proof under his present petition, which the order of the Court below dismissing it, denied him. *Reynolds vs. Mutual Insurance Co.*, 34 *Md.*, 280; *Schaefer vs. Stonebraker*, 4 *G. & J.*, 333.

An estoppel *in pais* arises only when the party against whom it is alleged has, by his declarations, acts, or omissions, misled the other party to his prejudice, if he himself be allowed to disavow the legitimate consequences of his acts. *Homer vs. Grosholz*, 38 *Md.*, 525–6; *Freeman vs. Cooke*, 2 *Ex.*, 661; *Herman on Estoppel, sec.* 329; *Maryland Fire Insurance Co. vs. Gusdorf*, 43 *Md.*, 514; 2 *Starkie on Evidence*, 23; *Alexander vs. Walter*, 8 *Gill*, 251–3–4; *Bramble vs. State*, 41 *Md.*, 440–1; *Brant vs. Virginia Coal and Iron Co.*, 3 *Otto*, 335–6; *Morgan vs. R. R. Co.*, 6 *Otto*, 720.

Declarations to create an estoppel must be made by a party whose duty it is to know and state the truth, and must be relied on by one who has no other means of information. *Hamilton vs. Central Ohio R. R. Co.*, 44 *Md.*, 551.

*John P. Poe*, for the appellee.

As a *party* to the cause, the appellant, in his answer filed long after his present pretended claims had accrued, admitted the facts stated in McCann's bill—the fundamental fact in that bill being his ownership of this very claim. As a *witness*, he disclaimed all interest in the fund, and positively swore that he had no interest in the collection of the claim after his assignment to McCann; and that he had no future, contingent or prospective interest in its collection. These admissions in his pleading and in his testimony, conclude him. 1 *Taylor on Evidence*, secs. 700 *and* 744.

By the decree for the sale to pay the liens, including this precise claim of McCann's, Hall is bound; and by the order of final ratification, distributing the proceeds according to the provisions of the decree, he is also bound. His present pretensions are directly at war with all his actions and declarations in the cause, and cannot be urged now except upon the concession that he swore to a falsehood when examined as a witness. *Roman vs. Mali*, 42 *Md.*, 513.

The conclusive character of the decree and order of final ratification cannot be denied. The general rule on the subject is as follows, viz:—When a given matter becomes the subject of litigation in, and of adjudication by, a Court of competent jurisdiction, the Court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward, only because they have, from negligence, inadvertence or even accident, omitted part of the case. The plea of *res adjudicata* applies, except in special cases, not only to the points upon which the Court was required by the parties to form an opinion and express a judgment, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence might have brought forward at the time. *Henderson vs. Henderson*, 3 *Hare*, 100–115.

Tested by any of the rules declared by the authorities upon this question, the plea of *res adjudicata* was, therefore, an all-sufficient defence to the petition. *Boulden vs. Lanahan*, 29 *Md.*, 200; *Whelan, Adm'r vs. Cook*, 29 *Md.*, 1; *Ches. and Ohio Canal Co. vs. Gittings*, 36 *Md.*, 276; *Beloit vs. Morgan*, 7 *Wall.*, 622–3; *Aurora City vs. West*, *Ibid*, 82.

Even if the claim of the appellant were one having merits, he has been guilty of inexcusable *laches*, and is not entitled to relief. *Whelan vs. Cook*, 29 *Md.*, 12.

Hall *vs.* McCann.

After a decree has been enrolled, an application to vacate it cannot be granted. *Williams vs. Banks,* 19 *Md.,* 528; *Lovejoy vs. Irelan,* 19 *Md.,* 56; *Herbert vs. Rowles,* 30 *Md.,* 271; *Marbury vs. Stonestreet,* 1 *Md.,* 158.

ROBINSON, J., delivered the opinion of the Court.

If it be conceded that the pleas of "*res adjudicata*" and limitations are bad pleas in this case, there are other grounds on which the order of the Court below must be affirmed.

. This is an application to a Court of equity to restrain the payment of a vendor's lien audited to the appellee under a decree, upon the ground that the lien was assigned by the appellant to the appellee as *collateral security,* and that the debt intended thereby to be secured *has been fully paid.*

To justify the exercise of a jurisdiction so extraordinary in its character, it was incumbent on the appellant to make out a strong *prima facie* case, entitling him to the relief prayed, an equity, according to some of the cases, as strong as the legal right which is sought to be controlled. *Osborne vs. Eales,* 2 *Moo. P. C. N. S.,* 125.

Then again, the jurisdiction being founded on equitable principles, he must show that his own conduct has been consistent with equity, because if he has brought about the state of things of which he complains, he has no right to ask the interference of the Court. *Lloyd vs. London, Chatham & Dover Railway,* 2 *D., F. & S.,* 568; *Dutton vs. Furniss,* 35 *L. J. Ch.,* 463; *Reynolds vs. Sprye,* 1 *D., M. & G.,* 679; *Bateman vs. Rainsay, Sau. & Sc.,* 459.

Now in this case, the appellant's ground of relief is based entirely upon the allegation that the lien was assigned to secure an indebtedness, which indebtedness has been paid. The petition is filed in the case of *Cornell & Johnson vs. The Appellee,* in which case the appellant was examined as a witness, and upon being asked

Hall *vs.* McCann.

whether he had any interest in the vendor's lien assigned by him to McCann, or, any future contingent or prospective interest in the collection of it, he answered unequivocally:

"*I have none and I know of none.*"

It also appears that McCann, the assignee, was at the same time examined as a witness, and when he was asked whether the appellant had any interest in the recovery of the claim, he answered: .

"None in the world, it was passed to me absolutely."

We have then in the very case in which this petition is filed, the appellant testifying that he had no interest of any kind, either *contingent or prospective in this lien.* And now after the lien has been audited to the appellee, and after the audit had been finally ratified, he asks a Court of equity to restrain the payment of the lien to the appellee on the ground that it was assigned to him as collateral security merely, and that the appellant has now and always has had an interest in the same.

The equity now set up by the appellant, is utterly inconsistent with his own testimony in *Cornell and Johnson,* and it can hardly be necessary to say under such circumstances, that he has failed to make out a case such as would justify a Court of equity to interfere with the payment of money to which the appellee was entitled under a decree. To do so, in the face of this testimony, would not only be without precedent, but contrary to the well settled principles by which such Courts are governed. It is but proper to say, that the record in *Cornell and Johnson,* was not before the learned Judge when the original order of the 5th June, 1878, was passed.

We might add to what we have already said, that for aught that appears to the contrary in this record, the ground on which relief is now asked, is one which existed and of which the appellant might have availed himself at the time the decree was passed, and at the time the lien was audited to the appellee. The appellant in his petition

alleges that the indebtedness to secure which the lien was assigned has been paid, but when paid, whether before or since the lien was audited to the appellee is not stated, nor does it appear. For these reasons the order appealed from will be affirmed.

*Order affirmed.*

(Decided 27th March, 1879.)