JOHN COOK MOBBERLY vs. ELDRED W. MOBBERLY.

*Admissibility of Parol evidence to establish Personal identity—*
*Chancery record—Subsequent suit—Evidence—Admissions—*
*Bill of Complaint as evidence—Estoppel.*

Where in an action in ejectment the plaintiff named in the declaration Eldred W. Mobberly, offers in evidence the deed under which he claims title to the land in question, wherein he is styled Eldridge W. Mobberly, parol evidence is admissible to prove that the plaintiff in the declaration, and the grantee in the deed are one and the same person.

A record in chancery in a suit between the same parties, and relating to the same subject of inquiry, is admissible in evidence in a subsequent suit for the purpose of proving antecedent admissions of either party relative to rights again involved in controversy.

A bill of complaint sworn to by the complainant, is admitted as evidence on precisely the same grounds as the answer.

Where the defendant in a suit in ejectment files a bill in equity for an injunction to stay proceedings in said suit, and in his bill of complaint, which was sworn to, avers that the legal title to the land in controversy is vested in the plaintiff, and that he, the defendant, " is powerless to defend himself against the said action of ejectment, according to the strict rules of the common law, and is remediless in the premises, save in a Court in equity, where such matters are properly cognizable," he is estopped from setting up title to said property by adverse possession.

APPEAL from the Circuit Court for Howard County.

Four exceptions were taken by the defendant, the first and second of which sufficiently appear in the opinion of the Court ; the third and fourth are as follows :

*Third Exception.*—The defendant, by his counsel, to maintain the issues joined on his part, called John Cook Mobberly, the defendant, to the witness stand, and offered to prove by him title to said property in controversy in

this cause in himself, by adverse possession. But the plaintiff then offered in evidence the record in the injunction case, which had been admitted in evidence, and relied upon the same as estopping the defendant from setting up title to said property, by adverse possession, and the Court admitted said record for said purpose, and refused to allow said defendant to offer any testimony on that subject. To this ruling of the Court the defendant excepted.

*Fourth Exception.*—The defendant offered the following prayers:

1. That under the pleadings in this cause, the deed offered in evidence from George Smith, trustee, to *Eldridge* W. Mobberly, is no evidence of legal title in the plaintiff, although the jury should find from the evidence that the plaintiff is the party intended to be named in said deed, instead of *Eldridge* W. Mobberly.

2. That under the pleadings in the cause, there is no evidence sufficient to enable the jury to find a legal title in the plaintiff to the property claimed by the declaration.

The Court (MILLER, C. J., and HAMMOND, J.,) refused to grant said instructions, and the defendant excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before ROBINSON, YELLOTT, IRVING, and RITCHIE, J.

*James Mackubin,* and *Fred. J. Nelson,* for the appellant.

*Wm. P. Maulsby, Jr.,* and *Henry E. Wootton,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

This is an appeal from the judgment of the Circuit Court for Howard County in an action of ejectment brought by the appellee as plaintiff below, against John Cook

Mobberly, the appellant in this Court. The land described in the declaration lies in Frederick County, and the suit was originally instituted in the Circuit Court for that county and subsequently removed.

The plaintiff, whose name is Eldred W. Mobberly, offered as evidence a deed, dated the 3rd of June, 1850, from George Smith, trustee, conveying the land, now in controversy, to Eldridge W. Mobberly, and, in connection with said deed, the record of a suit in equity terminating in a decree for the sale of said land and the appointment of said Smith as trustee to make sale. He then offered to prove that Eldred W. Mobberly is the identical person named in said deed as Eldridge W. Mobberly; that there is no such person as Eldridge W. Mobberly; that the plaintiff is the E. W. Mobberly named in the trustee's report in said equity record; that the plaintiff paid the purchase money; that the deed was delivered to him; that Eldred was spelled Eldridge by a mistake of the draughtsman, and plaintiff did not notice the same; and that. he entered into possession and so remained until 1857, when he put his son, the defendant, in possession of said property.

The Court admitted the evidence as offered, and to this ruling the defendant excepted. The ground of the objection to the admissibility of the evidence being the apparent dissimilarity between the name of the grantee in the deed and that of the plaintiff in the declaration, the Court clearly committed no error. In the case of *Elliott and Wife vs. Knott*, 14 *Md.*, 135, the Court said, "We think the names 'Penryn' and 'Pennyrine' should be regarded, in the absence of all proof to show they belong to different tracts of land, as applicable to the same, and as *idem sonans.*" In that case there was the difference of a syllable in the formation of the names; while in this case by dropping the two terminal letters in one of the names we obtain a pronunciation of the one which it is barely possible to distinguish from that of the other. In the case just

cited it must also be observed that the decision of the question involved was put upon the ground of the mere absence of proof tending to show a want of identity; but here there was a direct offer of all the evidence necessary to establish a complete identification. And the conclusion in regard to identity comes with irresistible force when we find Eldred W. Mobberly, the plaintiff in this cause, coming into Court, holding in his hands, as his muniment of title, a deed from the trustee conveying to Eldridge W. Mobberly, the land now in controversy. It is difficult to perceive by what process of ratiocination this conclusion could be avoided.

The plaintiff having offered evidence tending to prove that he was the person who bought the property and received the deed from the trustee ; that there was no such person as Eldridge ; and that no one had ever claimed the land from him except the defendant; then offered in evidence the record in certain proceedings on the equity side of the Circuit Court for Frederick County, in which John Cook Mobberly obtained an injunction to stay the further prosecution of this suit, which injunction was subsequently dissolved. 'The Court below admitted the record as evidence and the defendant excepted. There was no error in the ruling of the Court. A record in chancery in a suit between the same parties and relating to the same subject of inquiry has always been held admissible in evidence in a subsequent suit for the purpose of proving antecedent admissions of either party relative to rights again involved in controversy. Not only the answer but also the bill was at one time held to be admissible. At a later period the bill was excluded as containing only the statements of counsel. But a bill of complaint sworn to by the complainant is admitted on precisely the same ground as the answer. Being sworn to, it is no longer the mere statement of a solicitor, but is authenticated by the oath of the party, which must be taken as a solemn decla-

Mobberly *vs.* Mobberly.

ration that its averments are true. In the case of *Stump vs. Henry*, 6 *Md.*, 201, a bill in equity, filed in another cause but supported by affidavit, was held to be admissible in evidence in a suit between the same parties or their privies in relation to the same rights again brought into litigation; and this is now the settled doctrine in this State.

In the bill filed for the purpose of obtaining an injunction to stay proceedings in this suit, and which was sworn to on the 17th day of September, 1880, and filed on the 20th of the same month, John Cook Mobberly avers that the legal title to the tract of land now in controversy "is vested in said Eldred W. Mobberly," and that he "is powerless to defend himself against the said action of ejectment, according to the strict rules of the common law; and is remediless in the premises save in a Court of equity where such matters are properly cognizable." Here is the admission and averment of the defendant, made under the sanctity of an oath, that he has no defence to this action.

From what has been said it necessarily follows that the Court below was right in rejecting both of defendant's prayers.

There being no error in any of the rulings of the Court below the judgment will be affirmed.

*Judgment affirmed.*