JOSEPH M. BRIAN, and Wife, and OREGON R. BENSON, and Wife *vs.* ELIZABETH H. THOMAS.

*Creditors' bill—Parties defendants—Multifariousness.*

Where a debtor conveys all his property in distinct parcels to separate parties and dies, a creditors' bill to set aside said conveyances for fraud, may join all the grantees in the several deeds as defendants, in order to bring all the property within reach of the creditors' claims.

There is no rule of universal application as to the doctrine of multifariousness, and much must be left to the discretion of the Court in particular cases.

A guardian died, owing his ward a considerable sum of money, and leaving an estate insufficient for its payment. A., B., and C., were the sureties on his guardian's bond. Of these A. was dead, having in his life-time conveyed all his property to his two children by two *voluntary* conveyances. B. was also dead leaving a widow and children, and C. died after obtaining his discharge under the insolvent laws. A bill in equity was filed by the ward, after arriving at age, to have said voluntary deeds set aside, and to have the property embraced in them, subjected to the payment of her claim. The administrator of the deceased guardian, and the widow and children of B. were joined as defendants with the grantees under said voluntary deeds. On demurrer to the bill by the grantees in the deeds, it was HELD:

1st. That under the circumstances the joinder of the other defendants with the grantees under said voluntary deeds, did not lay the bill open to the objection of multifariousness.

2nd. That it was not a fatal objection that the bill was made to assume the shape of a creditors' bill against the estate of A

Brian, *et al. vs.* Thomas.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROB-INSON, IRVING, and BRYAN, J.

*Henry C. Kennard,* and *S. Teackle Wallis,* for the appellants.

*Isidor Rayner,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order overruling a demurrer filed by the appellants, to a bill in equity against them and others. The sole question presented by the demurrer is whether the bill is open to the objection of being multifarious.

The bill was filed in August, 1882, by Elizabeth H. Thomas, "in her own behalf, and likewise of all persons interested in the estate of Joseph M. Brian, Sen. deceased," and, from its averments, it appears that, in December, 1868, Thales A. Linthicum was appointed guardian of the complainant, and gave bond as such with Joseph M. Brian, Sen., J. Solon S. Linthicum and Samuel S. Linthicum as sureties thereon. The guardian died in June, 1880, the guardianship having continued until the time of his death, and the bill avers that he was then indebted to his ward, the complainant, in about the sum of $3000, with a large amount of interest; that complainant does not know, nor can she obtain any satisfactory information when this indebtedness will be liquidated and settled; that her said guardian's estate is insolvent, and will be unable to pay the same in full, even if it be able to pay any part of it, which she has every reason to

doubt; and that she has demanded this debt from her guardian in his life-time, and from his administrator since his death, but has been unable to procure payment thereof. Mr. Alexander, the administrator of the guardian, is made a defendant to the bill.

Joseph M. Brian, Sen., one of the sureties on the bond, died in 1879, and the bill charged that before his death, in September, 1878, he executed two conveyances, one of certain real estate to his daughter, Mrs. Benson, and the other of all the rest of his property, real and personal, to his son, Joseph M. Brian, Jr.; that, by these conveyances the grantor divested himself of all his property to the hindrance, fraud and delay of all his creditors, and especially of the complainant; that these conveyances were each voluntary and without consideration, were false and fraudulent, intending to be and operating as a fraud upon the rights of all his subsisting creditors, of whom complainant was then one; that they were intended to, and did delay and defraud, and have delayed, defrauded and hindered his creditors, and especially the complainant, in the prosecution of their claims; that the grantees in these deeds are his sole surviving children and heirs-at-law; and that he died without leaving any personal estate, except such as was embraced in the said deed to his son. The grantees in these conveyances are both made defendants.

As to J. Solon S. Linthicum, another surety, the bill charges that he died intestate in 1876, leaving a widow and certain children his only heirs-at-law, all of whom with the widow are made defendants. Samuel S. Linthicum, the other surety, the bill charges to be still living, and he is also made a defendant.

The bill then alleges that all the above named parties, whether grantees, bargainees, devisees, legatees, or heirs-at-law of the said Joseph M. Brian, Sen., and the said J. Solon S. Linthicum respectively, are, to the extent of the

property they have so acquired or received from the estates of the said Brian and Linthicum, liable for their debts, and particularly for whatever amount may be due by them, or either of them as sureties upon this bond, and that complainant is entitled to have said property subjected to the payment of the same, or of whatever part of said indebtedness of the said guardian may be ascertained to be due by the said Brian and Linthicum on account of their said suretyship. The complainant also alleges that she is entitled to a decree against the said Samuel S. Linthicum for whatever sum may be due by him on account of his suretyship, and to have the conveyances from Brian, Sen., to his son and daughter set aside for fraud, and declared to be null and void, and she avers that she is remediless at law.

The bill then prays that these conveyances may be set aside for fraud and declared null and void ; that all the defendants, including the administrator of the guardian, may answer the bill ; that a decree may be passed directing them to pay whatever amount may be due by them, or either of them, on account of the suretyship aforesaid ; that the property derived by them, or either of them, from the said Joseph M. Brian and J. Solon S. Linthicum, may be subjected to the payment of said amount, and may be sold for the payment thereof, and for general relief.

The demurrer was filed only by Mrs. Benson and Joseph M. Brian, Jr., the respective grantees in the two several deeds from their father, and, as already stated, it insists that the bill is multifarious.

One of the grounds taken was that the bill unites as defendants Samuel S. Linthicum, a living surety on the bond, with the representatives of those who are dead, and seeks at the same time, and in the same suit, a decree *in personam* against him, and a decree against the *property* of the deceased sureties. But this objection, even if it would have been tenable, has been removed by the

admission in the record that, after the bill was filed, Samuel S. Linthicum died insolvent, and had received his discharge in insolvency. This point was therefore waived, both in the Court below and in this Court.

Another objection is that the bill seeks to have set aside and declared void, in the same suit, two deeds entirely distinct, made to separate grantees, without any allegation of community of interest, or of combination or collusion between them. This is answered by our decision in the case of *Trego, et al. vs. Skinner, et al.,* 42 *Md.,* 426. It was there decided, and upon abundant authority, that as the sole object of the bill was to obtain satisfaction of judgments held by the complainants, out of the property of their debtor, which they alleged he had conveyed in distinct parcels to different parties for the purpose of defrauding his creditors, all the grantees in the several deeds may be joined as defendants with the debtor, in order to bring all his property within reach of the judgments, even though such grantees may have had no common interest in the several parcels so conveyed to them respectively, and though no joint fraud in any one transaction may be charged against all of them. This we think is decisive of the similar objection made in the present case.

The remaining question is, does the joinder of any or all the other defendants make the bill multifarious? As to the doctrine of multifariousness, all the authorities agree that there is no rule of universal application, and all concede that much must be left to the discretion of the Court in particular cases. What then is the case now before us? A female ward, on attaining her majority, finds that her deceased guardian owes her a considerable sum of money, and that his estate is not sufficient to pay the claim in full, even if it can pay any part of it. Looking then to the sureties on his bond, she finds that two of them are dead, and the other also dies after having taken the

Brian, *et al. vs.* Thomas.

benefit of the insolvent laws, and receiving a discharge from his debts thereunder. She finds, however, that one of the deceased sureties had, in his life-time, property sufficient to pay her claims, but discovers that shortly before his death he had conveyed all his property to his two children by two *voluntary* conveyances. The law pronounces these conveyances to be fraudulent and void as against the then subsisting creditors of the grantor, and she, as one of such creditors, had the undoubted right to go into equity and have these deeds set aside, and the property embraced in them subjected to the payment of her claim. This proceeding she has instituted, the single object of her bill being to make her claim out of the property of the obligors in this bond, by which, we assume, they were jointly as well as severally bound. We have already said the joinder as defendants of the grantees in these two conveyances was proper, and we do not think, under the circumstances of this case, the joinder of the other parties ought to lay the bill open to the objection of multifariousness. In *Story's Eq. Pl.,* (*8th Ed.*) *secs.* 169, 169 *a,* the law as to parties to such suits in equity is stated thus:

"In case of joint bonds or obligations, all the parties, obligors and obligees, are required to be made parties to the suit. It has been said, that in regard to the obligors, this is only a rule of convenience, and to save those who are severally charged, the trouble of a new suit for a contribution against those who are not charged, and not a rule of necessity; and therefore it may be dispensed with in certain cases. This is true. But, then, the exceptions all stand upon special grounds; and the rule is now firmly established, as one of general obligation, in this as well as in all other classes of cases. It has even been pressed to the extent of declaring, that where the bond is several as well as joint, all the obligors, whether principals or sureties, must be made parties, to avoid circuity of action, not only because

they are entitled to contribution, but also because they are entitled to have the assistance of each other, in taking the account of what remains due on the bond. The same rule is also applied, where one of the obligors is dead; for in such a case his personal representative, as well as the survivors, must be made parties to a suit in equity, brought for payment of the debt, whether it be for payment by the survivors alone, or out of the assets of the deceased." And again, "in a bill for relief against the surety, as such, the principal, and if he be dead, his representatives must be made parties. And as a general rule it may be said, that in all suits in equity, where the rights of sureties are attempted to be affected, all co-sureties, counter-sureties, and the principals also, are necessary parties."

We need not, however, accept the law to the full extent it is thus broadly stated. The present case does not require us to do so. The condition of this bond, for the breach of which the sureties are liable, is for the faithful performance of his duties, by the principal, as guardian, and to establish the amount of her claim against the sureties or either of them, the complainant must prove the extent of her guardian's default; and for this purpose alone, his administrator would be a proper, if not a necessary, party to the suit. The bill does not ask to have the guardian's estate brought into this case for settlement; a careful examination of its averments shows that no such claim is made, and that no such relief is prayed against him as would require this to be done. Again conceding, for the sake of the argument, that the widow and children of the other deceased surety are not *necessary* parties to the suit, still we see no impropriety in making them such. It is said, the bill fails to aver that the deceased left any property, or that there had or had not been any administration upon his estate, or that these parties ever received anything from him by descent, distribution, or otherwise. This is true, but it would seem this objection goes rather

to the sufficiency of the averments of the bill (a defect which may be cured by amendment) than to the question of parties. If it is made to appear that he left no property, then not only will the complainant's remedy against these parties fail, but the right of the demurring defendants to call upon them for contribution will also be gone. It may turn out, however, that he did leave property, and that these parties so received it as to bring into operation the principles laid down in the case of *Zollickoffer, Ex'r vs. Seth, &c.,* 44 *Md.,* 359, under which the right of the complainant to hold them responsible to the extent of the property thus received, as well as the right of the appellants to demand contribution, would exist. If such should be the case, and the complainant should succeed in establishing her claim, the Court could so frame and mould the remedy as to secure the appellants' contribution from these co-defendants, and at the same time give each of them a decree against the administrator of the guardian for whatever sum they might be compelled to pay to the complainant, which could be presented in the appropriate tribunal against the estate of the guardian, and there receive its share of the assets. This would accomplish what it is said a Court of equity always "delights in," viz., doing justice completely, and not by halves, or in other words, working out in one suit complete justice between all the parties without the necessity of further litigation. *Story's Eq. Pl., secs.* 174, 176. So far, therefore, as we can see, the joinder of these parties will work a benefit instead of an injury to the appellants.

Nor do we think it a fatal objection that the bill is made to assume the shape of a creditors' bill against the estate of Joseph M. Brian, Sen. The complainant has no lien upon that estate over other creditors, and if the deeds be set aside as voluntary conveyances, other antecedent creditors, if there are any such, will have the right to come in and participate in the proceeds of the sale of the property.

We therefore see no objection in so framing the bill as to make such creditors parties if they choose to come in as such, with the usual consequences as to costs.

*Order affirmed, and*
*cause remanded.*

(Decided 15th May, 1885.)