SUSAN L. CANTON, MICHAEL A. CANTON, JOHN B. McGRAW and ROSE McGRAW *vs.* WILLIAM J. McGRAW.

*Practice in Equity—Right to file Bill to Vacate Deed for Fraud—Parties—Equity pleading—Charge of Fraud—Evidence—Art. 16, sec. 144, of the Code—Examiner—Right to have Clerk—Equity Rules—Multifariousness—Laches.*

The son of a deceased grantor has the right to file a bill to vacate the deed of such grantor for fraud, where, if the deed is vacated, he is entitled under the will of the grantor to an interest in the property embraced in the deed; and his brothers and sisters, who also will have an interest under their father's will in the property covered by the deed, if it is vacated, and the grantee in the deed, together with her husband, are proper parties defendant to the suit.

No rule of equity pleading requires the pleader in charging fraud to set out the proof by which he expects to maintain the charge; and while the law requires the fraud to be proved by clear and satisfactory testimony, it allows a broad scope for the introduction of facts and circumstances bearing even remotely upon the question.

In a suit against the grantee in a deed to vacate the same for fraud, the Court having decided, after hearing the case on its merits, that the deed should be set aside, gave the complainant leave to amend the bill by making the grantee, who was also the executrix and trustee under the will of the grantor, a party in these capacities. After the bill was amended, the grantee appeared and answered the same as executrix and trustee, but objected to all the proof already taken, and claimed that she was not bound thereby, because she was not originally made a party as executrix and trustee. The Court refused to delay the passage of the decree or to allow further evidence to be taken in the case. On appeal it was HELD:

That the Court was right in refusing to allow further testimony to be taken, as the grantee had ample opportunity, of which she availed herself abundantly, to take testimony in support of her title as grantee, and needed none to sustain that of executrix and trustee if the deed was set aside.

In a suit to set aside a deed for fraud, important admissions in regard to the fraudulent obtention of the deed, contained in letters written sometime after the date of the deed by parties to the suit, are admissible in evidence.

Under sec. 144 of Art. 16 of the Code, the examiner before whom testimony in equity cases is taken, has the right to have a clerk to write it down, but the examiner must be present when the testimony is taken.

After a cause was at issue, on application of the complainant, leave was granted to the parties in the usual form to take testimony before any one of the standing examiners. The examiner who was originally notified to take the testimony being too sick to act, the complainant took some testimony before another examiner, and subsequently before a third examiner. The authority of the third examiner to act having been denied by a witness, the Court on petition of the complainant passed an order directing the testimony theretofore taken to stand as taken regularly, and authorizing the third examiner to continue taking the testimony under the original order. The solicitors of the defendants were present at the taking of all the testimony prior to the passage of this second order, and cross-examined the witnesses. HELD:

That the Court, in passing this second order violated no provision of the equity rules, nor any general rule or principle of equity practice.

A bill seeking to have a deed vacated for fraud, is not rendered multifarious by also asking that the grantee be required to account for the rents and profits of the property she has held under the deed.

Where a bill to have a deed vacated for fraud, is filed within three years after the date of the deed, and only about sixteen months after the death of the grantor, laches cannot be imputed to the complainant in the assertion of his right.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and BRYAN, J.

*J. J. Gallagher,* and *M. Bannon,* for the appellants Susan L. Canton, and Michael A. Canton.

*Frederick C. Cook,* for the appellants John B. McGraw, and Rose McGraw.

*Thomas C. Ruddell,* and *James McColgan,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The principal question involved in this appeal is whether that part of the decree appealed from, which vacates and annuls the deed from James McGraw to his daughter Mrs. Canton, is correct. But before considering that question some preliminary matters must be disposed of.

1st. We entertain no doubt whatever as to the right of the complainant to file a bill to vacate this deed. He is a son of James McGraw, the grantor, who died about a year after the deed was executed, leaving a will. If the deed is vacated, he will be entitled under that will to an interest in the property embraced in the deed. Nor have we any doubt but that he was right in making his brothers and sisters, as well as Mrs. Canton, the grantee, and her husband, parties defendant to the suit. These brothers and sisters will also all have an interest under their father's will in the property covered by the deed if it is vacated, and the bill would in fact have been defective for want of proper parties if they had not been made parties to it.

2nd. We are equally clear in opinion the averments in the original and supplemental bills, are sufficient to let in all the legitimate proof by which this deed has been assailed. There is no rule of equity pleading which requires the pleader in charging fraud, to set out the *proof* by which he expects to maintain the charge; and while the law requires the fraud to be proved by clear and satisfactory testimony, it allows a broad scope for the introduction of facts and circumstances bearing even remotely upon the question.

Mrs. Canton was executrix and trustee under the will of her father as well as grantee in the deed, and the Court below after hearing the case on the merits, and having decided that the deed should be vacated, was of opinion the bill was defective because she was not made a party in those capacities, as well as in her own right as. grantee in the deed, the effect of setting aside the deed being to increase the property she would receive as executrix and trustee, and accordingly held the case over until the bill could be amended so as to make her a party in those capacities. The complainant then filed a petition reciting briefly the averments of the original and supplemental bills, and asking leave to amend the same by interlineation, so as to make Mrs. Canton a party in the capacities specified. Upon this the Court passed an order granting the leave to amend as prayed, and directing a subpœna returnable in fifteen days to issue to Mrs. Canton, and requiring her to answer the bills as executrix and trustee. After some difficulty and delay in the service of this summons, she appeared and answered the bills in these capacities. In this answer she reiterates and adopts the answers already filed by her husband and herself in their own right, and at the same time she objected to all the proof already taken, and claimed she was not bound thereby, because she was not originally made a party as executrix and trustee. She also specially excepted to the testimony of the complainant, upon the ground that he was an incompetent witness, inasmuch as she was now a party as executrix. The complainant then also excepted to the competency of the defendants upon the same ground. The Court sustained the exceptions to the competency of the *parties* on both sides under the Evidence Act, and excluded so much of their testimony as had been given on their own offer, but refused to delay the passage of the decree or to allow further evidence to be taken in the case, and overruled her objection to the other testimony,

as well as all other objections made, either by herself or the other defendants to the immediate passage of the decree. Now as to these proceedings our opinion is:

1st. That the Court was right in refusing to allow further testimony to be taken, and also in overruling all other objections to immediate action upon the case as it then stood. Mrs. Canton had ample opportunity, of which she availed herself abundantly, to take testimony in support of her title as grantee in the deed, and she needed none to sustain that of executrix and trustee if the deed was set aside. She was in fact thus brought in as a party in order that the property covered by the deed about to be vacated, might be devolved upon her as executrix and trustee under the will, and that her title to such property in these capacities might be formally adjudicated. As to the other defendants their pecuniary interest was to have this property pass under the will, and not to Mrs. Canton absolutely, and in her own right under the deed. Such was unquestionably their legal interest whatever may have been their feelings and sympathies in behalf of their sister. On their part therefore, there could be no legal right or reason for delaying the passage of the decree.

2nd. Whether the Court was right in requiring this amendment to be made, and whether when made the Court was right in excluding by reason thereof the testimony of the parties under the Evidence Act, are questions about which we need express no decided opinion, and for this reason: If the evidence be excluded, the testimony in favor of the deed will be less strong, and that against it much stronger. It would therefore be for the advantage of the appellants, and especially of Mrs. Canton, that this testimony should be in the case, and we have so considered it in reaching our conclusion upon the main question as to the validity of the deed.

There is a large volume of testimony in the record. The order directing it to be taken was issued in October, 1884,

and it was not returned until May, 1886. The witnesses are numerous and have been examined at great length; to one of them no less than four hundred and eighty-two cross-interrogatories were put, and to another three hundred and eight. A great deal of hearsay and irrelevant matter was introduced, to which we have paid no attention in making up our judgment, and it is needless therefore to consider in detail the many exceptions to portions of the testimony on this ground. Of the other exceptions to the admissibility of evidence only one is of sufficient importance to require notice. A number of letters which passed between John B. McGraw and Michael Canton, (some of which were written by the former to Mrs. Canton,) were obtained and offered in evidence by the complainant. The mode in which they were obtained cannot be too strongly condemned, but it does not render them inadmissible as evidence. They were written some time after the date of the deed, but the writers of them were parties to the suit, and were the two to whom, with Mrs. Canton, the testimony on the part of the complainant pointed as the chief perpetrators of the alleged fraud in regard to the deed. The objection to them chiefly relied on is that if offered as declarations of co-conspirators binding Mrs. Canton, they are inadmissible because the conspiracy, if there was any in fact, ended in the procurement of the deed, and they are therefore merely declarations as to past events. The Court below sustained this objection and held the letters inadmissible for that purpose, but considered them pertinent and admissible for the purpose of showing the relations between the alleged conspirators, and the manner in which they lived together after the transaction was completed. But according to our reading of these letters some of them contain important *admissions* in regard to the fraudulent obtention of this deed, and being admissions of parties to the suit these portions of them which contain such admissions are for that

reason admissible ; and it is these admissions alone that we have considered.

Objections have also been made to the testimony or some parts of it upon the ground that it was irregularly and unlawfully taken. As to these objections all that need be said is:

1st. That there is nothing in the *Equity Rules* adopted by this Court to prevent the examiner before whom the testimony is taken from having a clerk to write it down. No provision on this subject is made by these Rules, and Rule 57 expressly provides that all procedure not provided for by the foregoing Rules, shall remain to be regulated and governed by existing statutes, and by the general rules and principles of equity pleading and practice as heretofore existing. By the Code, Art. 16, sec. 144, the right to have a clerk to write down the testimony in equity cases is recognized and his *per diem* fixed. That statute is still in force. Of course the examiner must be present when the testimony is taken, but we find no evidence in this record that any testimony that was received and considered by the Court below, was taken by a clerk alone out of the presence of an examiner.

2nd. We find no error in the Court's order of January, 1885. The first order passed upon the application of the complainant in October, 1884, after the cause was at issue upon the amended and supplemental bills and answers thereto, granted leave to the parties in the usual form to take testimony before *any one* of the standing examiners. The complainant then took some testimony before Examiner Wright, who acted for a short time in place of Examiner Tidy who was originally notified to take the testimony, but who was too sick to act. Mr. Tidy still continuing indisposed, the complainant made arrangements for continuing the taking of testimony before Examiner Stockbridge, and proceeded to take testimony before him. In December, 1884, the authority of Mr. Stockbridge to act

was denied by a witness against whom he had issued an attachment to compel her appearance to testify. The complainant thereupon filed his petition stating what had been done, and asking of the Court authority to continue the taking of testimony before Mr. Stockbridge, and that the testimony heretofore taken might stand as if taken under the original order of October, 1884. Upon this petition the Court passed the order in question on the 9th of January, 1885, ordering the testimony heretofore taken to stand as taken regularly before one of the examiners, and authorizing and directing Mr. Stockbridge to continue taking the testimony under the original order of October, 1884. In passing this order the Court in our opinion violated no provision of the Equity Rules, nor any general rule or principle of equity practice. Moreover, at the taking of all the testimony prior to the passage of this order, the solicitors of the appellants were present and cross-examined the witnesses.

It is further contended that the bills should be dismissed upon the grounds of multifariousness and *laches.*

1st. The amended and supplemental bill is said to be multifarious, because it prays not only that the deed be vacated, but that Mrs. Canton may be removed from her trusteeship under the will, and may be also required to account for the rents and profits of the property she has held under the deed. But the decree appealed from dismisses the bill so far as it prays for her removal from the trust.

This action of the Court is expressly authorized by Equity Rule 33, which was adopted for the very purpose of relieving a bill from the objection of being multifarious, and to save it from being dismissed *in toto* on that ground. As to the prayer for an account we are clearly of opinion it does not make the bill multifarious. A Court of equity has undoubted jurisdiction to vacate a deed for fraud, and when a bill is filed for that purpose the Court

will, if it is vacated, proceed to do full and complete justice to all parties interested in the property. It will sell the property if necessary and distribute the proceeds, and will always see to it that it goes to the parties entitled to it. To require an account from the fraudulent grantee of the rents and profits during the time he has held the property under the fraudulent deed, is clearly within the scope of the power of the jurisdiction of the Court in such cases.

2nd. The defence of *laches* always depends upon the circumstances of each case. Here the bill was filed within less than three years after the date of the deed, and only about sixteen months after the death of the grantor. Under all the circumstances of the case disclosed by the record, we do not think *laches* can be imputed to the complainant in the assertion of his right.

Having thus disposed of all the preliminary matters we deem of sufficient importance to notice, we come to the main question in the case. Has the complainant made good his charges against the validity of this deed? We have carefully read and considered the proof on this subject, relying upon none that is open to any valid objection, and rigidly excluding from our minds all extraneous and irrelevant matters found in the record. The testimony of the chief witnesses on either side, is in hopeless and irreconcilable conflict on most important and material points, so that one or the other must be discredited. Upon this main question the learned Judge of the Circuit Court (Judge Fisher,) has prepared an able and elaborate opinion. In that opinion he says: "Fully appreciating the gravity of the litigation to the parties, and plainly sensible of the responsibilities resting upon myself, I have given to the case more time and more careful consideration than to any other argued before me." He reached the conclusion that the deed is invalid and should be vacated. After a like careful examination of the case we have

reached the same conclusion, and are content to rest our affirmance of his decree on this point, upon his opinion.

*Decree affirmed, and*
*cause remanded.*

(Decided 18th November, 1887.)