SUSAN L. CANTON AND MICHAEL A. CANTON *vs.* WILLIAM J. McGRAW, ET ALS.

*Equity Practice—Administration of Trust Estate Under Bill Filed for Another Purpose.*

A testator devised his whole estate to a daughter, executrix of the will, to hold the same and divide the profits equally among the testator's nine children, until the youngest child should come of age, when the estate was to be divided equally among the children, with power to the executrix to sell the property if necessary to effect a division. After testator's death a bill was filed against the executrix by some of the children of the testator for the purpose of vacating a deed executed by him in his lifetime to the defendant. A decree was passed vacating the deed and dismissing that part of the bill asking for the removal of the defendant from the management of the estate under the will. Subsequently, accounts of rents and

profits received from the estate by the executrix were filed in this equity case and an appeal was taken from an order passed therein relating to the accounts, but the objection that the Court had no jurisdiction in that case over the distribution of the income was not considered by this Court. After the youngest child of the testator came of age a petition was filed by the executrix and trustee in the same cause, which asked for a decree directing the sale of the estate for the purpose of making partition. *Held*, that this petition should be dismissed, without prejudice to the right of the parties to proceed by original bill, since the trust was not properly administered under the bill in this cause, and the fact that it had been so done had not been approved by this Court.

Appeal from an order of the Circuit Court of Baltimore City (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William H. Bosley, Jr.*, (with whom was *William S. Bryan, Jr.*, on the brief), for the appellants.

*Frederick C. Cook*, for the appellees, submitted the cause on his brief.

FOWLER, J., delivered the opinion of the Court.

This appeal presents a very narrow question in equity practice, but in order to get an intelligent and clear conception of the points involved it will be necessary to ascertain the exact status of the case when the order appealed from was passed.

On the 6th October, 1883, the original bill in this case was filed in the Circuit Court of Baltimore City *for the purpose of annulling and vacating a deed* made by James McGraw, then deceased, to his daughter, Susan L. Canton, the present appellant. A decree was passed December 31st, 1886, setting aside the deed for fraud, but dismissing the bill as to the portion which prays for the removal of the fraudulent grantee, Susan L. Canton, from the trusts under the will of her father, James McGraw, without prejudice to the right of the plaintiff to renew the application for such re-

moval by an original bill for that purpose, and reserving leave also the parties to apply thereafter for a decree with regard to the rents and profits of the property mentioned in the fraudulent deed. This Court affirmed this decree. *Susan L. Canton et al.* v. *William J. McGraw*, 67 Md. 585. For some unexplained reason it appears that accounts of rents and profits of the trust estate of James McGraw have been filed in the case just mentioned, which, as we have seen, was brought to set the deed aside for fraud, and one of these accounts was before this Court in the second appeal, which is reported in 74 Md. 555. The origin of this trust estate is as follows: By the will of James McGraw, the father of Susan L. Canton, she was named as executrix. The devise to her is as follows: " I give, &c., all the rest and residue of my property unto my executrix hereinafter named in trust and confidence, &c. That my executrix, her heirs and personal representatives shall hold the same in trust for the sole, separate and exclusive use and benefit of my nine children   *   *   *   and to the end that my executrix shall have, receive, &c., the rents, &c., of my estate, and divide the same equally, from time to time, among my nine children   *   *   *   *   *   and it is the intent and purpose of this instrument of writing, that this trust shall continue until my youngest child shall attain legal age." In the next succeeding item of his will, the testator provides as follows: " It is my will and desire, and I hereby direct that when my youngest child living shall attain legal age, that my property shall be discharged and relieved from the above declared trust, and then all my said property (excluding lot on Druid Hill avenue and Morris alley) shall be divided equally among my nine children, share and share alike, including my youngest son, Bernard Howard, and my daughter hereinafter appointed executrix; and if my property cannot be equally divided, my executrix may sell a portion to effect an equal division, or may sell the whole of it, if by such sale a more advantageous partition can be secured, and to divide the proceeds of sale equally among

my nine children." * * The period when the trust created by the will was to end arrived on the 20th October, 1898, when Bernard H. McGraw, the testator's youngest child, reached his majority. Thereafter the testator's property, freed from the trust, was to be divided equally among his children. But if it could not be so divided then his *executrix* was to sell a portion or all of it if necessary to effect an equal division. The will is so clear and the language used so free from ambiguity that the testator's intention is apparent. What then was the duty of the executrix after the termination of the trust? She was bound to account to her brothers and sisters for the rents and profits, and it was then equally her duty to make equal division among them of the *corpus* of their father's estate, or if necessary for that purpose to sell a portion or all of it. This is not denied by the appellant, except she contends that by the true construction of the will she was not to sell as executrix, but as trustee. This view, however, as we have already said, is inconsistent with the plain language of the will. *Keplinger* v. *McCubbin*, 58 Md. 208. But even if she were correct in this contention the present difficulty would not be overcome, for the question here is not so much as to the capacity in which the appellant shall act in the sale of the property, but it is whether she can in any *capacity* ask in *this cause* for the *relief prayed for her in her petition.* That relief is for a sale of the whole trust estate. The order appealed from determines no right finally, except that the petitioner is not entitled *in this cause* to have a decree for the sale of the trust estate. The petition filed is in effect a bill for partition by means of a sale because the estate is incapable of division without loss and injury to the parties concerned—and the original bill filed in this cause, as we have seen, was a bill to set aside a deed on the ground of fraud. It seems to us that this statement alone is sufficient to show that the two cases are separate and distinct, and that if they had been united in one bill, it would have been subject to demurrer on the ground that it is multifarious.

But the contention of the appellant is that she has been for a long time accounting in this cause as *trustee* for the rents and profits of the trust estate, with the sanction and approval of this Court. And to sustain this position she relies upon the opinion in the first appeal reported in 67 Md. 590, as follows : " As to the prayer for an account we are clearly of opinion it does not make the bill multifarious. A Court of Equity has undoubted jurisdiction to vacate a deed for fraud, and when a bill is filed for *that purpose* the Court will, if it is vacated, proceed to do full and complete justice to all parties interested in the property. It will sell the property if necessary and distribute the proceeds, and will always see to it that it goes to the parties entitled to it." But what property is here referred to. Certainly not, as contended, the whole trust estate, or the rents and profits thereof. This appears from the sentence following the one quoted by appellant, as follows : " To require an account from the fraudulent grantee of the rents and profits during the time she has held the *property under the fraudulent deed*, is clearly within the scope of the power of the jurisdiction of the Court in such cases."

It is also suggested that in the second appeal reported in 74 Md. 554, we again approved of the method of accounting for rents and profits adopted by appellant as trustee. But an examination of the opinion filed in that case will show that the question here presented was not considered by the Court there. If the objection was made that it was irregular for the trustee to administer the trust under a bill, the whole scope of which was to set aside a deed for fraud, that objection was not overruled but was passed *sub silentio*, and the opinion in that case, therefore, cannot properly be relied on as authority to sustain the appellant's contention here. We cannot, therefore, agree either that the trustee properly administered her trust in this cause, or that such a course was approved by this Court. But as the parties are all *sui juris* they may themselves agree to any method for closing the trust most advantageous to themselves, un-

less the jurisdiction of a Court of Equity be invoked by the trustee for her own protection or by the beneficiaries for their protection.

Our conclusion is, therefore, that the order dismissing the appellant's petition must be sustained without prejudice, however, to her right to proceed by original bill for the relief prayed.

*Order affirmed with costs.*

(Decided November 16th, 1900.)