# CIRCUIT COURT OF BALTIMORE CITY

Filed November 18, 1901.

---

THE SAFE DEPOSIT AND TRUST COMPANY, EXECUTOR,

VS.

BAKER ET AL.

---

*Frank Gosnell* for exceptant.

*George Whitelock* for Charles E. Baker.

RITCHIE, J.—

These exceptions involve the right to two shares of Baltimore Car Wheel Company stock valued at $3,000, part of the estate of the late Charles J. Baker, who died in September 1894, and to $840 dividends received on the same by the executor since the death of Mr. Baker. A statement of the facts somewhat in detail is unavoidable.

Mr. Baker from time to time made numerous loans or advances to five of his children, which were outstanding at the time of his death. In almost every instance these different loans or advances were charged up on his books against his said five children respectively as cash loans, and interest thereon was also in most cases regularly charged up and paid.

The charges on his books against his son, Charles E. Baker, amounted to

$35,000, which included $5,000 on account of the transfer to him of said stock. The entry in the account in the ledger against Charles E. Baker is viz: "To cash for two shares B. C. W. Co. stock $5,000," and on the balance sheet of July, 1894, the entry is viz: C. E. Baker Loan Baltimore Car Wheel Co. $5,000." See Record in 3rd Appeal page 134 and 137. The testimony of William Baker taken on these exceptions shows that this stock was transferred to Charles E. Baker by his father in order to qualify him to act as a director in the company, his father having a large interest therein.

Charles J. Baker, by his last will, included in the residue of his estate all "advances" that had been made to any of his children, and bequeathed and devised the said residue in equal parts to his eight children. See Record 2nd Appeal, p. 10.

After the death of the testator several questions arose as to the status of the charges that had been made by him on his books against the said five children, the meaning of "advances" and so forth, involving among other things the title to these two shares. Charles E. Baker claimed that this stock belonged to him under the will of his father; on the other hand the executor disputed this claim, and insisted that if he retained the stock he would be liable to the estate for the amount charged against him for it by his father, that is, $5,000, which was then largely in excess of its value; and Charles E. Baker testifies that "rather than pay that much for it" he had surrendered it. On its surrender the executor reduced the charges against him from $35,000 to $30,000. See Record 3rd Appeal, p. 60, &c., and 75.

After this the executor filed a bill asking this court to take jurisdiction of the further administration of the estate. It is alleged in this bill that among the remaining assets of the estate were fifteen shares of Car Wheel stock, (this included the two shares surrendered), and that the advances made to Charles E. Baker amounted to $30,000, (this excluded the $5,000 for the two shares). Record 2nd Appeal, 5-6.

The case on this bill went to the Court of Appeals on demurrer, and it was there decided that this court should

take jurisdiction as prayed. Safe Deposit Co. vs. Baker, 91 Md. 297.

Charles E. Baker then filed his answer to the bill, and in it he admits that the whole fifteen shares were included in the assets, and "*admits specifically that the sum of* $30,000 * * * *is the true and correct amount of the advances*" made to him by his father. Record 3rd, Appeal 11. The admission that this reduced amount of $30,000, arrived at by striking off the $5,000 charged for this stock, was the correct amount of his advances necessarily involved the admission that these two shares were not included in the advances made to him and were not then claimed by him, but were held by the executor for general distribution.

The papers were referred to the auditor for the statement of an account with leave to all parties to take testimony on all questions. Before the auditor, Charles E. Baker gave the testimony above referred to regarding the surrender of these two shares.

The auditor afterwards stated Account A. Record 3rd, Appeal 33. In this account the auditor distributed the whole fifteen shares among the children other than Charles, and stated the amount of his advances as $30,000. Ibid, 43. At the same time, at the instance of William Baker, Jr., the auditor stated Account B, in which the whole fifteen shares were *likewise* distributed to the children other than Charles, and the amount of his advances *likewise* stated to be $30,000. Ibid 44 and 48.

While Charles E. Baker filed exceptions to Account A on other grounds, he did not except to the distribution of the whole fifteen shares among the other children, nor to the statement that his advances were $30,000. Ibid 163.

Account A was ratified and Account B rejected and appeals were taken.

Charles E. Baker not only failed to except to Account A in the respects mentioned, but before the Court of Appeals he approved of Account B and urged the court to adopt that account. See brief 2-4.

The Court of Appeals determined the status of the "advances" mentioned in the will, and among other things decided that, although they may originally have been loans or debts, they were by the operation of the will put on the footing of advancements.

The case being remanded, the auditor stated Account C, in which the whole fifteen shares are again distributed to the other children, the dividends thereon being distributed generally, and the advances against Charles are again put at $30,000. At his instance Account D was also stated, in which, according to his instructions, his advances are now placed at $35,000, and the two shares in question, together with the $840 dividends collected, are allowed to him. Exceptions have been filed to this allowance and in all other respects Account D has been ratified.

The Court of Appeals having determined the status of the "advances," Charles E. Baker now contends that the transaction in respect to these two shares was one of the "advances" referred to in his father's will, and that he is entitled to the same, together with the dividends collected. If this contention is correct Charles E. Baker's advances exceed his share of the residue and he will get more than any other child.

Assuming that the transaction as to these two shares was one of the "advances" referred to in the will, it is now too late for Charles E. Baker to raise the question of their ownership.

At the time when the status of these advances was uncertain he surrendered this stock to avoid the liability of its retention. If that surrender was conclusive he, of course, can have no claim now; if it was not, he is nevertheless now precluded from asserting any claim.

If the surrender was not conclusive he could have excepted to Account A in this respect, and had the question of his right to this stock passed on by the Court of Appeals when that account was before it. He had ample opportunity then to take this question up. He not only failed to raise it, but he admits on the record that the stock was not his. The reason why the Court of Appeals did not then pass on its ownership was because, by reason of this admission, the ownership was undisputed. If a party cannot "claim at one time and deny at another;" (46 Md., 41), neither can he deny at one time and claim at another.

Whatever might otherwise have been his rights he is now, by reason of his

surrender, of the admission in his answer, of his failure to raise the question when it ought to have been raised, and of the position to the contrary maintained by him throughout the whole litigation, precluded from asserting any claim to this stock or its dividends.

See Edes vs. Garey, 46 Md. 25-41.

Scanlon vs. Walshe, 81 Md. 118-132.

State vs. Brown, 64 Md. 199-204.

Ice Co. Case, 80 Md. XVIII, unreported—in full 30 At. Rep. 633.

Mobberly vs. Mobberly, 60 Md. 376.

Elwood vs. Lannon, 27 Md. 200-209.

The exceptions will be sustained.