VAN ROYEN *v.* LACEY ET AL.

[No. 31, September Term, 1972.]

*Decided November 9, 1972.*

*Motion for rehearing filed November 22, 1972; denied November 28, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, SINGLEY, SMITH and LEVINE, JJ.

*Joseph A. Mattingly* for appellant.

*Charles Norman Shaffer,* with whom were *Shaffer, McKeever & Fitzpatrick* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

This is the third recorded trip to this Court of the controversy between these parties. *See Van Royen v. Lacey,* 262 Md. 94, 277 A. 2d 13 (1971), and *Lacey v. Van Royen,* 259 Md. 80, 267 A. 2d 91 (1970). The facts were fully set forth in the last named opinion.

Appellant, Irene Fetty Van Royen, holds a judgment against Robert H. Lacey, Jr. (Lacey), one of the appellees. Land formerly owned by him, his wife, and his mother-in-law as joint tenants, both of whom are appellees here, was conveyed to a straw party and then back to the wife and mother-in-law. In *Lacey v. Van Royen* we affirmed a determination that these two deeds were a fraud upon creditors.

In the same proceeding Mrs. Van Royen moved to enforce the earlier decree. She asked that a trustee be appointed to sell the land in question with one-third of the proceeds after deduction of costs of sale to be paid to her. In opposing this motion the appellees contended that the equity court was without power to appoint a trustee and make such a sale, that the earlier decree "nowhere define[d] the extent or character of . . . Lacey's interest in the said property but only cancelled the effect of a certain subsequent transfer," that the most Mrs. Van Royen was entitled to in enforcing the decree was the appointment of a trustee "to reconvey the subject property to its owners of record prior to the conveyances held to be fraudulent," that appointment of a trustee to sell would amount to enforcement, not of the court decree in the equity matter, but of the judgment and that the remedy of Mrs. Van Royen was execution on her judgment. In their memorandum they argued that Lacey and his wife owned a one-half interest in the land as tenants by the entireties and that their one-half interest was held as joint tenants with Mrs. Lacey's mother who owned the other one-half interest. The chancellor (Pugh, J.) held that the earlier decree did not make a determination of the interest held by Lacey "other than to say said interest was unchanged by the conveyances ruled to

be fraudulent." Therefore, he denied the motion to enforce the decree.

The first paragraph of the amended bill of complaint alleged conveyance of the land here in dispute "to the Defendants, Robert H. Lacey, Jr. and Mary Ann K. Lacey and Rose F. Kelly, as Joint Tenants." The answer filed by those defendants to the amended bill of complaint said "[t]hat they admit[ted] the allegations of paragraph 1 of the Amended Bill of Complaint." In fact in the statement of facts in their brief in the earlier appeal in this proceeding the appellees here recited conveyance "to Robert H. Lacey, Jr., Marianne K. Lacey and Rose F. Kelly, joint tenants." Nothing was said in the circuit court or here about a half interest in that joint tenancy being owned as tenants by the entireties. The case proceeded in the trial court and here upon the basis of a contention that Lacey was not insolvent within the purview of Code (1957) Art. 39B, § 2(1) and that Lacey "owned merely bare legal title to the property," having "merely allowed his name to be used so that a loan could be obtained at the bank at which he was employed." It was claimed that the mother-in-law had paid all of the down payment and that therefore there was a resulting trust established in her favor.

If the appellees honestly believed that a tenancy by the entireties interest were involved here it is strange they did not raise that contention earlier since under our holdings a creditor of one spouse may not attack as a fraudulent conveyance the transfer of land owned by a husband and wife as tenants by the entireties, *Hertz v. Mills,* 166 Md. 492, 171 A. 709 (1934). Such a defense obviously would have been a much stronger defense than the one upon which the parties relied, thus giving rise to the inference that the contention now advanced is an afterthought. Be that as it may, estoppel by admission or by pleading has long been recognized in this State, *Stone v. Stone,* 230 Md. 248, 253, 186 A. 2d 590 (1962) ; *Scanlon v. Walshe,* 81 Md. 118, 132, 31 A. 498 (1895) ; *Mobberly v. Mobberly,* 60 Md. 376, 379 (1883) ; *Hall v. Mc-*

*Cann,* 51 Md. 345, 351 (1879) ; and *Edes v. Garey,* 46 Md. 24, 41 (1877). In the latter case the Court of Exchequer in *Cave v. Mills,* 7 H. & W. 927, was quoted as saying, "A man shall not be allowed to blow hot and cold, to claim at one time and deny at another." Accordingly, we hold that in this case the appellees are now estopped by their own pleadings from contending anything other than that the three parties owned as joint tenants, with no tenancy by the entireties involved.

The interest of Lacey held as joint tenants with his wife and mother-in-law is subject to execution by his judgment creditors. *See Eder v. Rothamel,* 202 Md. 189, 95 A. 2d 860 (1953), where Judge Hammond said for the Court:

> "There is no doubt that the interest of the joint tenant may be sold in execution by the judgment creditor, while the joint tenant lives. *Fladung v. Rose,* 58 Md. 13 [(1882)] ; and 2 *American Law of Property,* Sec. 6.2, page 10." *Id.* at 191.

In *Canton v. McGraw,* 67 Md. 583, 11 A. 287 (1887), our predecessors said:

> "A court of equity has undoubted jurisdiction to vacate a deed for fraud, and when a bill is filed for that purpose the court will, if it is vacated, proceed to do full and complete justice to all parties interested in the property. It will sell the property if necessary and distribute the proceeds, and will always see to it that it goes to the parties entitled to it." *Id.* at 590-91.

To the same effect *see Ledford Const. Co. v. Smith,* 231 Md. 596, 600, 191 A. 2d 587 (1963) ; *Oakford Realty Co. v. Boarman,* 156 Md. 65, 72, 143 A. 644 (1928) ; *Brian v. Thomas,* 63 Md. 476, 480 (1885) ; *Trego v. Skinner,* 42 Md. 426, 432-33 (1875) ; and Miller, *Equity Procedure* § 110, at 140 (1897). It thus follows that the court should appoint a trustee to sell the land. After the sale has been reported and ratified the matter will then go to audit.

The judgment creditors of Lacey in the order of their priority will then be entitled to payment of the one-third portion of the remaining proceeds of sale which would otherwise be audited to him.

*Order reversed and case remanded for further proceedings consistent with this opinion; appellees to pay the costs.*