(Decided January 9th, 1896.)

---

## R. B. B. CHEW vs. JOHN GLENN et al.

*Equity Pleading—Paragraphs of Bill—Multifariousness.*

The provisions of Code, Art. 16, sec. 131 *et seq.*, concerning the forms of pleadings in equity, should be so construed as to require a reasonable degree of accuracy in complying with their requirements.

Where the paragraphs of a bill in equity are wrongly numbered and more than one subject-matter contained in a single paragraph, a demurrer to the bill should not on that account be allowed, but the proper method of objecting to defects of this character is by motion in the nature of a *ne recipiatur*.

A bill setting forth an agreement between plaintiff and defendant, by which the former was to loan money on mortgages for the latter, examine titles, etc., and to divide commissions, and enumerating a number of instances in which it was alleged that the defendant had failed to comply with the agreement, is not multifarious.

Appeal from a decree of the Circuit Court for Prince George's County (BROOKE, J.), sustaining a demurrer to the bill of complaint and dismissing the same, after the

plaintiff had refused to amend the bill under leave granted by a prior order.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*R. B. B. Chew*, appellant, *in propria persona.*

The plaintiff's first prayer for relief asks for a decree declaring his right to have a specific performance of the *primary* agreement between him and the defendant, John Glenn, as to the division of the fees and commissions on mortgage loans offered by the said Chew and accepted by the said Glenn, and on foreclosure sales already made, and thereafter to be made.

The plaintiff's second prayer asks that the agreement, as to the Gwynn property, be specifically performed. That an injunction be granted restraining John Glenn, Jr., from selling the said property without the mutual consent of the said John Glenn and the said Chew, or before a decree should have been passed in the premises defining the rights of the parties. That a decree be passed defining the trust upon which the said John Glenn, Jr., holds the Gwynn property, and for general and further relief.

The result of the principles to be extracted from the cases on this subject seems to be that where there is a common liability and a common interest, a common liability in the defendants and a common interest in the plaintiffs, different claims to property, at least if subjects are such as may without inconvenience be joined, may be united in one and the same suit. *Story Eq. Jur.*, sec. 539 and notes 1, 2 ; sec. 271, notes 2 *a*, 3 *; Wilson* v. *Wilson, et al.*, 23 Md. 162 ; *Kunkel* v. *Kunkel*, 26 Md. 390 ; *Fiery* v. *Emmert et al.*, 36 Md. 464 ; *Trego* v. *Skinner*, 42 Md. 426 ; *Belt* v. *Bowie*, 65 Md. 353 ; *Canton* v. *McGaw*, 67 Md. 583.

The paragraphs of the bill are numbered consecutively to the 7th paragraph inclusive of record. There is simply an opinion to number the following two paragraphs 8 and

9, both of which relate to the matters referred to in paragraph seven, and are necessarily connected with it, are readily comprehended, and can be made the subject of whatever defence the appellee is advised to be proper. The appellant insists the bill is not demurrable for the grounds alleged. The matters embraced in the bill from paragraph 7 to 10 contain a logical division or unified statement of the matters referred to in that part of the bill. The triumph of modern art in writing is manifested in the structure of *the paragraph.* The Courts will scarcely exact such nicety in construing the chancery rules on the subject of paragraphs.

*George G. Carey,* for the appellees.

1. Assuming the correctness of all the facts stated, the bill presents no case for which the complainant has not an adequate remedy at law and is therefore demurrable. It is not necessary to cite authorities on this point.

2. The bill is multifarious. It blends distinct and unconnected matters, and prays for various and different kinds of relief against different defendants between whom there is no privity in regard to the contract which the complainant asks to have specially performed. *White* v. *White,* 5 Gill 359; *Griffin* v. *Merrill,* 10 Md. 364; *Crook* v. *Brown,* 11 Md. 158; *Wilson* v. *Wilson,* 23 Md. 172; *Belt* v. *Bowie,* 65 Md. 354; *Koontz* v. *Koontz,* 79 Md. 360. And being multifarious, the bill should be dismissed in *toto.* *Gibbs* v. *Clagett et al.,* 2 G. & J. 29; *Dunn* v. *Cooper,* 3 Md. Ch. 49; *White* v. *White,* 5 Gill, 377.

3. The bill is not framed in accordance with the requirements of sections 131, 132 and 133 of Art. 16 of the Code. It is not numbered consecutively throughout in paragraphs. Nor does each paragraph "contain a succinct but a complete statement of fact." Paragraphs 8 and 9 are missing, and what purports to be paragraph 12 comprises fully one-third of the bill and consists of a large mass of totally diverse and heterogeneous matters which it would be impossible to answer intelligibly or intelligently without be-

ing properly divided into paragraphs and consecutively numbered.

ROBERTS, J., delivered the opinion of the Court.

This appeal is taken from an order of the Circuit Court of Prince George's County in Equity, dismissing the bill of complaint of the appelllant. The facts are, that on January 28th, 1895, the appellant filed in the Court below his bill of complaint against the appellees, in which he alleges that about fifteen years ago he negotiated loans on mortgages of real estate situate in said county, and entered into an agreement with John Glenn, and Edmund G. Kelly, co-partners, trading in the city of Baltimore as John Glenn & Co. and doing business as real estate agents. This agreement was in substance that if the appellant would examine the title to such property, as he might offer to said Glenn & Co. and furnish certificates of title to the same, said firm would supply the funds requisite to the consummation of said loans, and if upon examination by the said firm or one of them, it was found satisfactory, then one-half of the commission, to-wit, two per centum of the amount of the said loans and twenty-five dollars for the certificate of title were to be paid to the appellant; and it was further agreed that in the event of foreclosure proceedings in any ·case, where money was thus loaned, the appellant would as counsel represent said firm at Upper Marlboro, the county seat of said county, in such proceedings, and the commissioners for making sale of the mortgaged property should be divided equally between said Glenn & Co. and the appellant. That in pursuance of said agreement, the appellant from time to time offered said Glenn & Co. various properties, and they accepted the same and invested therein large sums of money and divided with him the commissions for such loans and paid him for the certificates of abstracts of titles for the same. That said loans were, in certain instances named, permitted to remain invested for long periods, and in consequence of the depre-

ciation, which affected all real estate values in said county, it became necessary to foreclose certain mortgage loans which the appellant had negotiated for Glenn & Co. which were sold, and the commissions for making such sales were received by said Glenn, who has failed and refused to account to the appellant for his share of such commissions, notwithstanding he has performed his part of said contract.

The bill then proceeds to enumerate in detail the alleged instances in which the appellee, John Glenn, has failed to observe his agreement with the appellant in much the same manner as hereinbefore stated. It will not therefore be necessary for the purposes of this appeal to set out in this opinion any further statement of the facts contained in this bill, except in so far as John Glenn, Jr., is connected therewith.

It appears that in 1892, about twenty acres of the Gwyn property were sold for taxes, and at the instance of John Glenn, Jr., trustee, the appellant filed exceptions to the ratification of the sale. It is alleged that the Gwyn property had become vested in John Glenn, Jr., as trustee, through and by means of certain equity proceedings, and that this property was a part of the lands involved in the controversy arising out of said agreement, and from which the appellant was entitled to derive certain profits, and that said Glenn, Jr.'s relation to the property was only subsidiary to that of Glenn, Sr. The appellee, John Glenn, interposed a demurrer to the bill in the record of this appeal, and assigned as grounds therefor: 1. That the plaintiff has not stated in his bill such a case as entitles him to any relief in equity against this defendant. 2. That said bill is multifarious. 3. That said bill is in places unintelligible, and that it is not divided into paragraphs throughout, and does not therefore conform with Rules 13, 14 and 15 of the General Rules for the regulation of the Pleading and Practice of the Courts of Equity, as embodied in Article 16, secs. 131, 132 and 133 of the Code of Public General Laws of the State of Maryland. In considering these grounds we will take them in their inverse order, as the more convenient method of treatment.

It is undoubtedly true to a certain extent, that in some respects the bill is difficult to comprehend, but with careful scrutiny its meaning can be ascertained. We do not however, concur in the criticism that the manner in which the paragraphs are numbered constitutes grounds of demurrer. Whilst the rules regulating pleading and practice in Courts of Equity should be so construed as to exact a reasonable compliance with their requirements as conforming to a better practice in assisting the profession in giving intelligent consideration to equity proceedings by securing clearness and brevity of statement, where the pleadings are often lengthy, and by no means always lucid, and free from doubtful construction, yet we do not feel justified in sustaining this demurrer on the ground that where, as in this case, the paragraphs of the bill are in two instances misnumbered, and more than one subject-matter has been injected into a single paragraph. We think the proper method of taking advantage of a defect of this nature is by motion in the nature of a *ne recipiatur* and not by demurrer.

As to the second ground of demurrer, that the bill is multifarious, it is not, we think, well founded. When is a bill to be considered multifarious? To give an answer to this inquiry universally applicable, is upon the authorities utterly impossible. Each case must be governed by its own circumstances, and as they are very diversified, the Court must exercise a sound discretion on the subject. *Gaines v. Chew*, 2 How. (U. S.) 619. The Court in *Wales v. Newbold*, 9 Mich. 45, very pertinently said: "When a bill is multifarious, it is so for the reasons, either because of a misjoinder of parties, complainants or defendants, or a misjoinder of distinct and separate matters of equitable cognizance between the same parties of so dissimilar a character as to render it unfit that they should be litigated in the same suit." Applying these principles to the case at bar, we find but little difficulty in declaring the bill exempt from the charge of being multifarious.

The subject-matter of the controversy arose out of the

alleged failure of John Glenn & Co. to carry out in good
faith their undertaking to pay the appellant his share of the
profits arising out of their agreement with him for the nego-
tiation of certain mortgage loans on real estate in Prince
George's County, and his share of the commissions on sales
under said mortgages, &c.   The relation of John Glenn, Jr.,
to this proceeding, is this, that whilst he was not summoned
and has not appeared, nor has he demurred to the bill, but
at the hearing in this Court the solicitors for the. respective
parties stated that both Glenn, Sr., and Jr., should be con-
sidered parties to the cause and be treated as such by this
Court.   His connection with the property referred to in the
agreement between the appellant and John Glenn & Co.,
has been sufficiently explained ss as to require no further
consideration.   In what we have said in disposing of the sec-
ond and third assignments under the demurrer, we have
sufficiently indicated our views in the first and general cause
of demurrer.

   In conclusion, we are of opinion that the appellant is en-
titled to relief, and the demurrer must accordingly be over-
ruled, and the decree below on the demurrer dismissing the
bill be reversed.

              *Decree reversed with costs and cause*
                 *remanded for further proceedings.*

(Decided January 8th, 1896.)